IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHITE CONSOLIDATED INDUSTRIES, INC., <br>           Plaintiff, <br><br> v. <br><br> TRAVELERS INDEMNITY COMPANY; <br> THE TRAVELERS INSURANCE COMPANY; <br> LIBERTY MUTUAL INSURANCE COMPANY; <br> ZURICH AMERICAN INSURANCE COMPANY, <br> f/k/a ZURICH GENERAL ACCIDENT & <br> LIABILITY INSURANCE COMPANY, LTD.; <br> CONTINENTAL INSURANCE COMPANY; <br> HARTFORD ACCIDENT & INDEMNITY <br> COMPANY; and TIG INSURANCE <br> COMPANY, as successor by merger to <br> INTERNATIONAL INSURANCE <br> COMPANY, <br>           Defendants. | Civil Action No. 2:96-cv-01026-GD <br><br><br> **JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT

Plaintiff White Consolidated Industries, Inc., by and through its counsel Dickie, McCamey & Chilcote, P.C. alleges for its First Amended Complaint as follows:

### PARTIES AND JURISDICTION

1. Plaintiff White Consolidated Industries, Inc. ("WCI") is a Delaware corporation with its principal place of business in Cleveland, Ohio.

2. Defendants The Travelers Indemnity Company and The Travelers Insurance Company are Connecticut corporations with their principal place of business in Hartford, Connecticut.

3. Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

4. Defendant Zurich American Insurance Company, f/k/a Zurich General Accident & Liability Insurance Company, Ltd., is a New York corporation with its principal place of business in Schaumberg, Illinois.

5. Defendant Continental Insurance Company is a New Hampshire corporation with its principal place of business in Chicago, Illinois.

6. Defendant Hartford Accident & Indemnity Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

7. Defendant TIG Insurance Company, as successor by merger to International Insurance Company, is a California corporation with its principal place of business in Irving, Texas.

8. This Court has *in personam* jurisdiction over Defendants pursuant to 42 Pa. C.S.A. §§ 5301 and 5322 because Defendants are either (i) qualified to do business as foreign corporations in Pennsylvania; or (ii) transacting business in Pennsylvania by, *inter alia*, doing a series of acts in Pennsylvania for the purpose of realizing pecuniary benefits, contracting to supply services in Pennsylvania, and contracting to insure persons, property or risks located within Pennsylvania.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between WCI and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391(a) because WCI and Defendants transact business in the Western District of Pennsylvania and a substantial part of the events giving rise to the claim occurred in the Western District of Pennsylvania.

## NATURE OF THE ACTION

11. This Amended Complaint seeks a declaration of WCI's rights and Defendants' obligations to defend and indemnify WCI with respect to numerous pending and expected

lawsuits brought against WCI and certain of its former subsidiaries and affiliates in various courts nationwide, including the Commonwealth of Pennsylvania. The pending (and expected) lawsuits allege bodily injury or death resulting from alleged continuous exposure, during the periods of coverage provided by various general liability insurance policies sold by Defendants, to asbestos-containing and other materials allegedly manufactured by WCI and certain of its former subsidiaries and affiliates (the "Underlying Claims"). Additionally, this Amended Complaint seeks relief for damages resulting from Defendants' breach of their contractual obligations to defend and indemnify fully the Underlying Claims brought against WCI and certain of its former subsidiaries and affiliates, including, but not limited to, an award of attorneys fees based upon Defendants' wrongful refusal to defend and indemnify fully the Underlying Claims. Finally, this Amended Complaint seeks relief for damages resulting from Defendants' bad faith refusal to defend and indemnify fully the Underlying Claims brought against WCI and certain of its former subsidiaries and affiliates, including, but not limited to, interest, attorneys fees, and court costs incurred in bringing this action.

12. Defendants issued to WCI and certain of its former subsidiaries and affiliates, including, but not limited to, Blaw-Knox Company ("Blaw-Knox"), policies of primary, umbrella, and excess general liability insurance covering, at a minimum, the periods of time from 1952 to 1987. A non-exclusive listing of said policies sold by Defendants, including the policy numbers and respective policy periods is attached to this First Amended Complaint as Exhibit A.

13. Each of the policies issued by Defendants ("Defendants' Policies") insured, *inter alia*, certain liability of WCI or certain of its former subsidiaries and affiliates, including, but not limited to, Blaw-Knox, for bodily injury or death that took place during the policy period.

14. In the Underlying Claims, the claimants have alleged that a continuous and progressive injurious process commences with the first inhalation of or exposure to asbestos ("exposure"); continues progressively while asbestos is present in the lungs or other organs ("progression of the pathology"); and culminates in manifestation of recognizable incapacitation

3

including sickness, disease, and death ("manifestation"). The claimants further allege that such continuous or progressive injurious process took place during some part of the policy years during which Defendants' Policies were in effect.

15. WCI succeeded to the rights and obligations of all of its former subsidiaries and affiliates under the Defendants' Policies, including, but not limited to, the Blaw-Knox policies.

16. WCI has complied with all conditions precedent to recovery under each Defendant's Policy/Policies, or, alternatively, all conditions precedent have been waived.

17. WCI reasonably anticipates that additional Underlying Claims will be asserted against WCI in the future.

## COUNT ONE

(Declaratory Relief – Duty to Defend or
Reimburse Defense Costs and Duty to Indemnify)

18. WCI repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

19. In the Underlying Claims, the injuries alleged to have taken place during some or all of the policy years during which Defendants' Policies were in effect constitute an accident or occurrence covered by said Policies.

20. Defendants have an indivisible duty to provide WCI with full defense and indemnification in every Underlying Claim in which any part of the continuous and progressive injury or disease process described above is alleged to have existed during any part of a policy year during which any of Defendants' Policies were in effect, subject only to applicable limits of liability, if any, contained in the respective Policies.

21. An actual controversy presently exists between WCI and Defendants with respect to Defendants' duties and obligations under Defendants' Policies, in that WCI contends that, under each Policy, Defendants have an indivisible duty to provide WCI a full defense, to pay all such defense costs, and to pay all sums that WCI is obligated to pay by reason of judgment or settlement in every Underlying Claim in which any portion of the continuous or progressive

injurious process (including exposure to asbestos, progression of the pathology or manifestation) is alleged to have taken place during the effective period of said Policy.

22. Defendants dispute one or more of WCI's contentions set forth in the preceding paragraph.

23. Declaratory relief from this Court will terminate some or all of said disputes and controversies.

24. A judicial declaration is necessary as to WCI's rights and Defendants' duties in the pending Underlying Claims, as well as any other similar cases to be filed against WCI in the future.

WHEREAS, WCI requests a judgment declaring that its contentions concerning Defendants' Policies are correct, and such other relief as is just and proper, including without limitation money damages in excess of $75,000, counsel fees, interest, and costs of this suit.

## COUNT TWO

(Breach of Contract – Duty to Defend or
Reimburse Defense Costs and Duty to Indemnify)

25. WCI repeats and incorporates by reference each of the foregoing paragraphs, as if fully set forth herein.

26. WCI has requested that Defendants honor their duty to defend and indemnify the Underlying Claims.

27. In breach of Defendants' Policies, Defendants have failed to defend and indemnify WCI fully in the Underlying Claims, and Defendants also have failed to reimburse WCI fully for such defense costs, judgments, and settlements.

28. WCI has incurred but has not received reimbursement for defense costs, judgments, or settlements (exclusive of interest) in excess of $75,000 on account of the Underlying Claims in which the claimants alleged exposure to asbestos, progression of the pathology or manifestation during the period of coverage of Defendants' Policies.

5

WHEREAS, WCI requests a judgment against Defendants in an amount in excess of $75,000 (exclusive of interest) and such other relief as is just and proper, including without limitation, interest, counsel fees, and costs of this suit.

### COUNT THREE

(Bad Faith Refusal to Defend and Indemnify)

29. WCI repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Defendants have an indivisible duty to provide WCI with full defense and indemnification in every Underlying Claim in which any part of the continuous and progressive disease process described above is alleged to have existed during any part of a policy year during which any of Defendants' Policies were in effect, subject only to the applicable limits of liability, if any, contained in the respective Policies.

31. WCI repeatedly has requested that Defendants honor their duty to defend and indemnify the Underlying Claims.

32. Defendants have unjustifiably and in bad faith repeatedly refused to honor their responsibility to defend and indemnify WCI fully in the Underlying Claims and have unduly delayed in responding to the Underlying Claims.

33. Defendants' refusal to defend and indemnify WCI in the Underlying Claims has been unreasonable and in bad faith.

34. As a result of Defendants' wrongful refusal to honor their defense and indemnity obligations, WCI has been compelled to bring this declaratory judgment action to establish Defendants' duty to defend and indemnify the Underlying Claims.

WHEREAS, WCI requests an award of interest on the amount of defense and indemnity costs and expenses as to which it is entitled to reimbursement, attorneys fees and court costs incurred in bringing this action, or such other relief as is just and proper.

**A JURY TRIAL IS HEREBY DEMANDED**

                                                  DICKIE, McCAMEY & CHILCOTE, P.C.

By: *[signature]*

Vincent Scaglione, Jr., Esquire
vscaglione@dmclaw.com
Kristen Hock Prex, Esquire
kprex@dmclaw.com
Two PPG Place, Suite 400
Pittsburgh, PA  15222
(412) 281-7272

Attorneys for Plaintiff
White Consolidated Industries, Inc.

Of Counsel:

HOWREY LLP
Robert H. Shulman, Esquire
shulmanr@howrey.com
Koorosh Talieh, Esquire
taliehk@howrey.com
Christine S. Davis, Esquire
daviscs@howrey.com
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Dated:  June 29, 2006

## CERTIFICATE OF SERVICE

I, Vincent Scaglione, Jr., Esquire, hereby certify that true and correct copies of the proposed FIRST AMENDED COMPLAINT have been served this _6th_ day of July, 2006, by U.S. first-class mail, postage pre-paid, to counsel of record listed below:

Kevin P. Allen, Esquire
William M. Wycoff, Esquire
Thorp, Reed & Armstrong
301 Grant Street
One Oxford Centre
14th Floor
Pittsburgh, PA  15219
*Counsel for Defendants*

*And*

William T. Corbett, Jr., Esquire
Shanley & Fisher
131 Madison Avenue
Morristown, NJ 07962-1979
*Counsel for Defendants*

DICKIE, McCAMEY & CHILCOTE, P.C.

By _/s/ Vincent Scaglione/GM_
Vincent Scaglione, Jr., Esquire
vscaglione@dmclaw.com
Kristen Hock Prex, Esquire
kprex@dmclaw.com
Two PPG Place, Suite 400
Pittsburgh, PA  15222
(412) 281-7272

Attorneys for Plaintiff
White Consolidated Industries, Inc.