**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WHITE CONSOLIDATED INDUSTRIES, INC.,     :
    :
                    Plaintiff,     :     Civil Action
    :     No. 2:96-CV-01026-GD
         v.     :
    :
TRAVELERS INDEMNITY COMPANY, THE     :
TRAVELERS INSURANCE COMPANY, LIBERTY     :
MUTUAL INSURANCE COMPANY, ZURICH     :
AMERICAN INSURANCE COMPANY f/k/a ZURICH     :
GENERAL ACCIDENT & LIABILITY INSURANCE     :
COMPANY, LTD., CONTINENTAL INSURANCE     :
COMPANY, HARTFORD ACCIDENT & INDEMNITY     :
COMPANY, AND TIG INSURANCE COMPANY, as     :
successor by merger to International Insurance Company,     :
    :
                    Defendants.     :

## ORDER

      AND NOW, this         day of                , 2007, upon consideration of

Defendant, Zurich American Insurance Company's Motion to Dismiss for Lack of Justiciable

Claim, and response thereto, if any, it is hereby ORDERED that Zurich's motion is GRANTED.

      IT IS FURTHER ORDERED that Plaintiff's action as against Zurich is hereby

DISMISSED without prejudice.

                                       _____

                                       SENIOR JUDGE GUSTAVE DIAMOND

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WHITE CONSOLIDATED INDUSTRIES, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 2:96-CV-01026-GD |
| v. | : | |
| | : | |
| TRAVELERS INDEMNITY COMPANY, THE | : | |
| TRAVELERS INSURANCE COMPANY, LIBERTY | : | |
| MUTUAL INSURANCE COMPANY, ZURICH | : | |
| AMERICAN INSURANCE COMPANY f/k/a ZURICH | : | |
| GENERAL ACCIDENT & LIABILITY INSURANCE | : | |
| COMPANY, LTD., CONTINENTAL INSURANCE | : | |
| COMPANY, HARTFORD ACCIDENT & INDEMNITY | : | |
| COMPANY, AND TIG INSURANCE COMPANY, as | : | |
| successor by merger to International Insurance Company, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S
MOTION TO DISMISS FOR LACK OF JUSTICIABLE CLAIM**

Defendant, Zurich American Insurance Company ("Zurich"), by and through its counsel,

Christie, Pabarue, Mortensen and Young, *A Professional Corporation*, hereby moves for the

dismissal of Plaintiff White Consolidated Industries, Inc.'s ("WCI") Complaint against Zurich

for lack of a justiciable claim, pursuant to Federal Rule of Civil Procedure 12(h)(3), and in

accordance with the Court's grant of leave to file the instant motion.

1.      In this action, WCI seeks a determination of coverage under insurance policies

allegedly issued to WCI and/or certain of its subsidiaries or affiliates by the insurer defendants

for bodily injury claims by plaintiffs alleging exposure to asbestos-containing products

manufactured by WCI. *See* WCI's First Amended Complaint at ¶ 11, a true copy of which is

attached hereto at Exhibit A.

2.      In its First Amended Complaint, WCI alleges that each insurer defendant owes WCI a defense and indemnification obligation "in every Underlying Claim in which any part of the continuous and progressive injury or disease process [ ] is alleged to have existed during any part of a policy year during which any of the Defendants' Policies were in effect." *Id.* at ¶ 20.

3.      WCI alleges that Zurich issued to WCI's subsidiary, Blaw-Knox Company insurance policies in effect from December 19, 1952 through January 1, 1955. *Id.* at ¶12 and Exhibit A to the First Amended Complaint.

4.      WCI does not dispute that, for approximately the last ten (10) years, and continuing to the present, none of the underlying claims triggers any of the alleged Zurich insurance policies so as to create a present obligation on Zurich's part to pay defense and/or indemnity costs to WCI. *See* Affidavit of Marla Kloeckner attached hereto at Exhibit B. Accordingly, as a matter of law, WCI and Zurich are not even adverse parties. *See, e.g., American States Ins. Co. v. Component Technologies, Inc.,* 420 F. Supp.2d 373 (M.D. Pa. 2005).

5.      There are no monies currently owed by Zurich to WCI under any alleged Zurich insurance policy.

6.      As a matter of law, a federal court lacks subject matter jurisdiction over a action in which there is no present case or controversy.   "[T]he ripeness doctrine, like other justiciability doctrines, derives ultimately from the requirement in Article III of the United States Constitution that federal courts are only empowered to decide cases and controversies." *Nextel Communications of the Mid-Atlantic, Inc. v. City of Margate*, 305 F.3d 188, 192 (3d Cir. 2002) (citing *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529 (3d Cir. 1988)).

7.      "The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Peachlum v. City of York, Pennsylvania,*

333 F.3d 429, 433 (3d Cir. 2003) (citing *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994)).

8.      Considerations of ripeness are sufficiently important that the court is required to raise the issue *sua sponte* even when the parties do not question the court's jurisdiction. *Id.; see also American States Ins. Co. v. Component Technologies, Inc., supra,* 420 F. Supp.2d at 374.

9.      Where, as here, there are no pending underlying claims that trigger the alleged Zurich insurance policies, there is no case or controversy as between WCI and Zurich, and, accordingly, this Court lacks subject matter jurisdiction over WCI's action against Zurich.

WHEREFORE, for the reasons stated above and in the accompanying Memorandum of Law, Defendant, Zurich American Insurance Company respectfully requests that WCI's action be dismissed.

Respectfully submitted,

CHRISTIE, PABARUE, MORTENSEN
and YOUNG
*A Professional Corporation*

By: _____
JAMES W. CHRISTIE (PA 12068)
jwchristie@cpmy.com
REX F. BRIEN (PA 40884)
rfbrien@cpmy.com
1880 JFK Boulevard, 10th Floor
Philadelphia, PA  19103
Phone (215) 587-1600
Fax (215) 587-1699

Attorneys for Defendant,
Zurich American Insurance Company

Date: December 18, 2007

579249_1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Dismiss for Lack of Justiciable Claim, with exhibits, proposed order and supporting Memorandum of Law was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
REX F. BRIEN

Dated: December 18, 2007

579249_1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WHITE CONSOLIDATED INDUSTRIES, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 2:96-CV-01026-GD |
| v. | : | |
| | : | |
| TRAVELERS INDEMNITY COMPANY, THE | : | |
| TRAVELERS INSURANCE COMPANY, LIBERTY | : | |
| MUTUAL INSURANCE COMPANY, ZURICH | : | |
| AMERICAN INSURANCE COMPANY f/k/a ZURICH | : | |
| GENERAL ACCIDENT & LIABILITY INSURANCE | : | |
| COMPANY, LTD., CONTINENTAL INSURANCE | : | |
| COMPANY, HARTFORD ACCIDENT & INDEMNITY | : | |
| COMPANY, AND TIG INSURANCE COMPANY, as | : | |
| successor by merger to International Insurance Company, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW OF DEFENDANT ZURICH AMERICAN
INSURANCE COMPANY IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF JUSTICIABLE CLAIM**

Defendant, Zurich American Insurance Company ("Zurich"), by and through its counsel,

Christie, Pabarue, Mortensen and Young, *A Professional Corporation*, moves for the dismissal

of Plaintiff White Consolidated Industries, Inc.'s ("WCI") claims against Zurich for lack of a

justiciable case or controversy, pursuant to Federal Rule of Civil Procedure 12(h)(3) and in

accordance with the Court's grant of leave to file said motion.

In this insurance coverage action, WCI seeks a determination of coverage under

insurance policies allegedly issued to WCI and/or certain of its subsidiaries or affiliates by the

insurer defendants for bodily injury claims by plaintiffs alleging exposure to asbestos-containing

products manufactured by WCI. *See* WCI's First Amended Complaint at ¶ 11, a true copy of

which is attached to Zurich's Motion to Dismiss at Exhibit A.

In its First Amended Complaint, WCI alleges that each insurer defendant owes WCI a defense and indemnification obligation "in every Underlying Claim in which any part of the continuous and progressive injury or disease process [ ] is alleged to have existed during any part of a policy year during which any of the Defendants' Policies were in effect." *Id.* at ¶ 20.

WCI alleges that Zurich issued to WCI's subsidiary, Blaw-Knox Company insurance policies in effect from December 19, 1952 through January 1, 1955. *Id.* at ¶12 and Exhibit A to the First Amended Complaint.

WCI does not dispute that for approximately the last ten (10) years and continuing to the present, none of the underlying claims triggers any of the alleged Zurich insurance policies so as to create a present obligation on Zurich's part to pay defense and/or indemnity costs to WCI. Where it is conceded by WCI that there are no monies currently owed by Zurich to WCI under any alleged Zurich insurance policy, WCI's claims in this action present no actual and present case or controversy sufficient to vest the Court with subject matter jurisdiction.

Federal Rule of Civil Procedure 12(h)(3) mandates that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a matter of law, a federal court lacks subject matter jurisdiction over a action in which there is no present case or controversy. "[T]he ripeness doctrine, like other justiciability doctrines, derives ultimately from the requirement in Article III of the United States Constitution that federal courts are only empowered to decide cases and controversies." *Nextel Communications of the Mid-Atlantic, Inc. v. City of Margate*, 305 F.3d 188, 192 (3d Cir. 2002) (citing *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529 (3d Cir. 1988)). "The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Peachlum v. City of York, Pennsylvania,*

2

333 F.3d 429, 433 (3d Cir. 2003) (citing *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994)).

To meet the ripeness standard, a plaintiff must show either a specific present objective harm or the threat of specific future harm. *See Laird v. Tatum*, 408 U.S. 1, 14, 33 L. Ed.2d 154, 92 S. Ct. 2318 (1972). Moreover, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300, 140 L. Ed.2d 406, 118 S. Ct. 1257 (1998).

> In determining whether a case is ripe, the court is guided by the following considerations:

>> are the parties in a sufficiently adversarial posture to be able to present their positions vigorously; are the facts of the case sufficiently developed to provide the court with enough information on which to decide the matter conclusively; and is a party genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one.

*Peachlum v. City of York, Pennsylvania*, 333 F.3d 429, 433-434 (3d Cir. 2003) (citing Erwin Chemerinsky, *Federal Jurisdiction* § 2.3.1 (1989)).

In the context of an insurance coverage declaratory judgment action, courts consistently hold that the question of an insurer's duty to indemnify is not ripe until the insured is found liable for damages in the underlying action. *See, e.g., American States Ins. Co. v. Component Technologies, Inc.*, 420 F. Supp.2d 373, 374 (M.D. Pa. 2005) (citing cases).

In *American States*, the court dismissed plaintiff insurer's declaratory judgment action even though plaintiff had a present duty to defend the subject underlying claim against its insured. The court found that as plaintiff did not contest its duty to defend and was indeed defending the underlying action, the parties' interests were not adverse. *Id.* at 374-375.

Applied to the facts at hand, WCI does not contend that there are **any** underlying claims that presently trigger the alleged Zurich insurance policies. When WCI tendered underlying

3

claims that triggered Zurich's alleged insurance policies -- the most recent of which was tendered approximately ten (10) years ago -- Zurich properly assumed its coverage obligations.  Since then, WCI concedes that no tendered underlying claims have triggered Zurich's policies.  Given that the last alleged Zurich insurance policy expired in the mid-1950's, it becomes exceedingly less and less likely that a plaintiff will bring a claim against WCI alleging exposure to a WCI asbestos-containing product during the Zurich's policy period.  WCI simply cannot meet its burden of establishing subject matter jurisdiction by speculating that at some time in the future an underlying claim will trigger the alleged Zurich insurance policies and that Zurich will not assume its coverage obligations.  Borrowing from the wisdom of the court in *American States,* "[t]his is precisely the type of abstract disagreement that the ripeness doctrine is designed to avoid." *Id.* at 376.

For the reasons stated above and in Zurich's Motion to Dismiss for Lack of Justiciable Claim, Zurich respectfully requests that WCI's action be dismissed.

Respectfully submitted,

CHRISTIE, PABARUE, MORTENSEN
and YOUNG
*A Professional Corporation*

By: _____

JAMES W. CHRISTIE (PA 12068)
jwchristie@cpmy.com
REX F. BRIEN (PA 40884)
rfbrien@cpmy.com
1880 JFK Boulevard, 10th Floor
Philadelphia, PA  19103
Phone (215) 587-1600
Fax (215) 587-1699
Attorneys for Defendant,
Zurich American Insurance Company

Date: December 18, 2007

4